COMMONWEALTH of Pennsylvania, Appellant,

v.

**Gary COCO, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 24, 2000.

Filed March 3, 2000.

Sherri A. Stephan, Asst. Dist. Atty., Stroudsburg, for Com., appellant.

William K. Sayer, Public Defender, Stroudsburg, for appellee.

Before JOHNSON, CERCONE and OLSZEWSKI, JJ.

JOHNSON, J.:

¶ 1 The Commonwealth appeals from the judgment of sentence imposed following Gary Coco's plea of *nolo contendere* to Aggravated Indecent Assault. 18 Pa.C.S. § 3125(7). The Commonwealth argues

that the trial court erred by not ordering Coco to comply with the registration provisions for sex offenders under Megan's Law. After study we conclude that the trial court erred in not requiring Coco to comply with these provisions. Thus, we vacate the judgment of sentence and remand this case to the sentencing court for sentencing consistent with 42 Pa.C.S. § 9793.

¶ 2 The facts of this case arise out of Coco's plea of *nolo contendere* to Aggravated Indecent Assault. The trial court ordered Coco to undergo an assessment prior to sentencing to determine if he was a sexually violent predator. Based on the assessment, the trial court found Coco to be a sexually violent predator. The Honorable Ronald E. Vican, P.J., sentenced Coco to five years to life in prison. Coco appealed the judgment of sentence as a result of which this Court remanded for resentencing based on *Commonwealth v. Halye*, 719 A.2d 763 (Pa.Super.1998), *petition for cert. filed*, 68 U.S.L.W. 3401 (U.S. Dec. 8, 1999) (No. 99–981). Judge Vican resentenced Coco to five to ten years' imprisonment. However, Judge Vican did not order Coco to comply with the registration provisions of Megan's Law that apply to sex offenders. The Commonwealth filed this appeal.

¶ 3 The Commonwealth presents one issue for our review:

1. Did the trial court improperly refuse to require Defendant be subject to the provisions of 18 Pa.C.S.A. Section 9793 [sic] relating to the requirement that he register for a period of 10 years after release from incarceration?

Brief and Reproduced Record of Appellant (Brief of Appellant) at 3.

¶ 4 In *Halye*, we held that the provisions of Megan's Law relating to sexually violent predators violated the due process clause of the United States Constitution because such provisions required offenders of specified sexually violent crimes to rebut a presumption that they were not sexually violent predators and relieved the Commonwealth of its burden of proof. *Halye*, 719 A.2d at 769. *See also Commonwealth v. Williams*, 557 Pa. 285, 733 A.2d 593, 608 (1999) (concluding sexually violent predator provisions of Megan's Law violate procedural due process guarantees of Fourteenth Amendment of U.S. Constitution). Megan's Law prescribed distinct registration and notification provisions for those classified as sex offenders as well as for those classified as sexually violent predators. *See* 42 Pa.C.S. §§ 9793, 9795–9798. Our decision in *Halye* did not affect the provisions of Megan's Law that require sex offenders to register. Rather, we struck as unconstitutional only sections of Megan's Law that referred to the designation "sexually violent predators." *Halye*, 719 A.2d at 769. The registration of sex offenders mandated by 42 Pa.C.S. § 9793 remains good law. *See Williams*, 733 A.2d at 596 n. 6; *Halye*, 719 A.2d at 766; *Commonwealth v. Mountain*, 711 A.2d 473 (Pa.Super.1998) (concluding registration provisions are not a bill of attainder, do not impermissibly invade registrant's privacy rights, and do not violate registrant's substantive or procedural due process rights).

¶ 5 Under 42 Pa.C.S. § 9793(a):

A person convicted of any of the offenses set forth in subsection (b) shall be required to register a current address with the Pennsylvania State Police upon release from incarceration, upon parole from a State or county correctional institution, upon the commencement of a sentence of intermediate punishment or probation or where the offender is under the supervision of the Pennsylvania Board of Probation and Parole at the time of enactment of this section, within 30 days of the date of enactment of this section.

42 Pa.C.S. § 9793(a). Under Megan's Law, persons convicted of felonious aggravated indecent assault where the victim is a minor must register. *See* 42 Pa.C.S. § 9793(b)(1). In this case, the trial court

convicted Coco of a second-degree felony for committing aggravated indecent assault against a child. N.T. Resentencing, 4/20/99, at 8. Therefore, under Megan's Law the trial court should have ordered Coco to comply with the registration provisions for sex offenders. Accordingly, we vacate the judgment of sentence and remand for resentencing consistent with 42 Pa.C.S. § 9793.

¶ 6 Judgment of sentence **VACATED**. **REMANDED** for resentencing consistent with 42 Pa.C.S. § 9793. Jurisdiction **RELINQUISHED**.